

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2002

# USA v. 15.32 Acres of Land

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1578

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. 15.32 Acres of Land" (2002). *2002 Decisions.* Paper 720.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/720

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

                                                    NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1578
_____

UNITED STATES OF AMERICA

v.

15.32 ACRES OF LAND, MORE OR LESS, SITUATED IN MONROE
COUNTY, COMMONWEALTH OF PENNSYLVANIA; AT, INC.

AT, Inc., Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 98-cv-01139)
District Judge:  The Honorable William J. Nealon

_____

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2002

BEFORE: NYGAARD and WEIS, Circuit Judges and IRENAS,* District Judge.

(Filed: November 7, 2002)

_____

OPINION OF THE COURT

_____

*        Honorable Joseph E. Irenas, Senior District Judge for the United States District
Court for the District of New Jersey, sitting by designation.

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

In 1953, the U.S. Army leased 15.32 acres of land located in the Tobyhanna Army Depot to AT, Inc.'s predecessor in interest, Tobyhanna Village, Inc., to develop an apartment complex for Army personnel working at the army depot. In 1998, the Government took the remaining years of the leasehold by eminent domain. At issue before the District Court was the duration of AT's leasehold interest in the property condemned by the Government. The District Court granted summary judgment, determining that AT's leasehold interest expired in 2004.  We will affirm.

The 1953 lease granted a leasehold interest for seventy-five years, but qualified that interest by permitting the lessor to terminate the lease after fifty and one-half years. In 1984, the Government (through the Department of the Army) entered into Amendment No. 3 to the 1953 Lease with Tobyhanna Village, which extended the term of the Lease for an additional twenty years.

The District Court rejected AT's argument that the 1984 Amendment eliminated the termination clause by the "doctrine of necessary implication," and held that the Government retained its right to terminate the lease in 2004. Based on this holding, the parties entered into a stipulation that just compensation for the leasehold (terminating in

2004) amounted to $195,000, and the District Court entered a judgment for AT in that amount.[1]

Appellant argues that the 1984 Amendment to the lease modified the "right-to-terminate" provision in paragraph 17(b) of the 1953 lease. In particular, Appellant contends that the 1984 Amendment modified the 1953 lease by the "doctrine of necessary implication," and cites *Barco Urban Renewal Corp. v. Housing Authority of Atlantic City*, 674 F.2d 1001 (3d Cir. 1982). In *Barco*, however, the contract expressly provided plaintiff with the right of first refusal but failed to identify the period during which the right had to be exercised. The court therefore added a reasonable time period by "necessary implication." Here, the parties specifically agreed that the Government had the right to terminate the lease upon sixty days written notice.

In summary, AT's argument is meritless. The language of § 17(b) is unambiguous and there is no showing that the retention of the "right-to-terminate" provision after the Amendment was the result of fraud, accident or mutual mistake. Therefore, § 17(b) on its face was unaffected by the Amendment and cannot be added to, or subtracted from, by parol evidence. Because none of defendant's theories allow § 17(b) to

---

1.      We have jurisdiction because *Verzilli v. Flexon*, 295 F.3d 421 (3d Cir. 2002) does not apply. There was no issue of liability and the only contested issue was the value of the lease. The sole relevant issue in the parties' stipulation was the amount of damages and the other matters in the stipulation were surplusage. The judgment is thus final under 28 U.S.C. § 1291.

be added to, or subtracted from, by parol evidence, we affirm the trial court's determination that the government has the right to terminate the lease under § 17(b) as of 2004.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/Richard L. Nygaard
Circuit Judge

4